```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------

TWO FARMS, INC.,

                Plaintiff,          12 Civ. 0050 (JGK)

      - against -                 **MEMORANDUM OPINION
                                                  AND ORDER**

GREENWICH INSURANCE COMPANY,

                Defendant.

------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    This case arises out of an alleged breach of an insurance contract between the plaintiff, Two Farms, Inc. ("Two Farms"), and the defendant, Greenwich Insurance Company ("Greenwich"). In an Order dated January 14, 2013, this Court denied the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The parties now both move for reconsideration of that Order under Local Civil Rule 6.3. Both parties also move, in the alternative, for the Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

I.

    The standard to be applied to a motion for reconsideration under Local Civil Rule 6.3 is well-established. It is the same as the standard that was applied under former Local Civil Rule 3(j). See United States v. Letscher, 83 F. Supp. 2d 367, 382

(S.D.N.Y. 1999) (collecting cases).  The moving party is required to demonstrate that "the Court . . . overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (internal quotation marks and citation omitted).

The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court."  Id. (internal quotation marks and citation omitted).  The rule "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court."  Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996) (internal quotation marks and citation omitted); see also In re Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 313 (S.D.N.Y. 2005), aff'd, Bellikoff v. Eaton Vance Corp., 481 F.3d 110 (2d Cir. 2007); Vincent, 2011 WL 5977812, at *1.

In this case, the Court found sufficient ambiguities in the terms of the insurance contract such that the Court determined it could not grant summary judgment at this point in the litigation and decided that discovery should proceed. Accordingly, the Court denied the parties' cross-motions for summary judgment in its January 14, 2013 Order.  Upon moving for

2

reconsideration, the parties have failed to indicate any controlling decisions or factual matters that the Court overlooked. The parties merely disagree with the Court's conclusions, but that is not a basis for reconsideration. Therefore, the Court will deny the parties' motions for reconsideration so as to avoid repetitive arguments on issues that have already been fully considered. The parties are permitted to renew their motions for summary judgment at the conclusion of discovery, if they so desire.

## II.

Both parties also move, in the alternative, for the Court to certify its January 14, 2013 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). A district court should certify an order for interlocutory appeal if: (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted). "The decision whether to grant an interlocutory

3

appeal from a district court order lies within the district court's discretion." King Cnty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 320 (S.D.N.Y. 2012).

In this case, the Court declines to certify its prior Order for interlocutory appeal. There are no controlling questions of law as to which there is a substantial ground for difference of opinion, nor are there exceptional circumstances warranting immediate appellate review. Moreover, an immediate appeal would not materially advance the ultimate termination of the litigation. Either party may advance its arguments upon a renewed summary judgment motion at the conclusion of discovery, and if the Court agrees with those arguments, summary judgment on a complete record may be granted at that time. However, an interlocutory appeal would delay the case for about a year, without any assurance that the result would be anything other than a remand to develop the record. The most efficient way to advance the ultimate termination of the litigation is to have the parties conduct discovery and to permit them to renew their motions for summary judgment on the complete record.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the

foregoing reasons, the parties' motions for reconsideration are **denied** and their motions for the Court to certify its prior Order for interlocutory appeal are also **denied**.  The Clerk is directed to close Docket No. 42.

    **SO ORDERED.**

**Dated:**    New York, New York
            May 1, 2013                __/s/_____
                                                    **John G. Koeltl**
                                     **United States District Judge**