**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**TWO FARMS, INC.,**

        **Plaintiff,**        12 Civ. 0050 (JGK)

   - against -         **MEMORANDUM OPINION**
                                                     **AND ORDER**

**GREENWICH INSURANCE COMPANY,**

        **Defendant.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

    This case arises out of an alleged breach of an insurance contract between the plaintiff, Two Farms, Inc. ("Two Farms"), and the defendant, Greenwich Insurance Company ("Greenwich"). The present motion is the plaintiff's motion to strike the defendant's jury demand.

**I.**

    In this case, the defendant included a jury demand in the first answer that it filed--namely, the defendant's answer to the Second Amended Complaint. The plaintiff now moves to strike that jury demand, arguing that the defendant's time to file a jury demand had expired. The plaintiff claims that the defendant should have made a jury demand within fourteen days after the First Amended Complaint was filed. The plaintiff argues that because the defendant's jury demand was not made within this time period, the jury demand should be stricken.

However, the defendant's jury demand was in fact timely. Federal Rule of Civil Procedure 38(b) requires that a party serve a jury demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). The Second Circuit Court of Appeals has explained that "'the last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that contests the issue. Normally, that pleading is an answer, or, with respect to a counterclaim, a reply." McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir. 1990) (citations omitted). Here, the "last pleading directed to the issue" was the defendant's answer to the Second Amended Complaint. The defendant made its jury demand in its answer to the Second Amended Complaint, which was timely.

The plaintiff argues that the jury demand was untimely because the defendant did not file a timely answer to the First Amended Complaint. Rather than filing an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure, the defendant filed a motion for summary judgment, which did not toll the time for the defendant to file its answer. However, the defendant did make its jury demand in the first answer it filed, and the plaintiff never claimed that the defendant was in default for failing to file its answer at an earlier time. Therefore, the plaintiff's argument has no merit.

**II.**

Moreover, this is a case in which the Court would permit the defendant to file a late jury demand. Notwithstanding the failure of a party to make a timely jury demand, a court may, in its discretion, grant a demand for a jury trial. Fed. R. Civ. P. 39(b); see also Cascone v. Ortho Pharm. Corp., 702 F.2d 389, 391 (2d Cir. 1983).

"In exercising this discretionary power, a court must weigh several factors: (1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried before a jury." Reliance Elec. Co. v. Exxon Capital Corp., 932 F. Supp. 101, 103 (S.D.N.Y. 1996) (citing Cascone, 702 F.2d at 392). "Any prejudice alleged must arise from the untimeliness of the jury demand and not simply from the possibility of a jury trial." Id. (citation omitted).

The factors in this case weigh in favor of granting the defendant's jury demand. First, cases involving an alleged breach of an insurance contract are routinely tried before a jury. The plaintiff asserts that the defendant is not entitled to a jury because contract interpretation is solely a matter of

3

law for the court. However, there are circumstances where the interpretation of insurance contracts raises issues of fact for a jury. See, e.g., Novel Commodities S.A. v. QBE Ins. Corp., No. 11 Civ. 6339, 2013 WL 1294618, at *6-7 (S.D.N.Y. Mar. 30, 2013); SCW West LLC v. Westport Ins. Corp., 856 F. Supp. 2d 514, 531 (E.D.N.Y. 2012).

Second, the defendant made its jury demand in the first answer that it filed. Although the plaintiff may have previously assumed that there would be no jury, the parties have thus far proceeded in a way that allows for the possibility for a jury trial. The Court already denied a motion for summary judgment at the outset of the case, but the Court also permitted motions for summary judgment to be made at the conclusion of all discovery. If a motion for summary judgment is made at the conclusion of all discovery and the Court does not grant it, then there would plainly be issues of fact to be decided by a jury.

Third, the plaintiff has made no showing that it would be unduly prejudiced if the case were tried before a jury, nor that it would be prejudiced in any way by the timing of the defendant's jury demand. Therefore, the plaintiff's motion to strike the defendant's jury demand is denied.

4

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the plaintiff's motion to strike the jury demand is **denied**.  The Clerk is directed to close Docket No. 55.

**SO ORDERED.**

**Dated:    New York, New York
           May 1, 2013**                __/s/_____
                                        **John G. Koeltl
                                        United States District Judge**